UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Taylor Hatty, | Case No. 2:25-cv-00699-APG-BNW |
| Plaintiff, | |
| v. | **Order** |
| Equifax Information Services LLC, et al., | |
| Defendants. | |

Plaintiff is proceeding pro se and has requested authority to proceed *in forma pauperis*. ECF No. 1. Plaintiff has shown an inability to prepay fees and costs or to give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**I.    Screening the complaint.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of pro se pleadings is required after *Twombly* and *Iqbal*).

### A. Complaint

Plaintiff alleges that on June 11, 2024, he wrote to Equifax Information Services and Equifax Information Solutions to dispute inaccuracies in several accounts (listed in his complaint) that appeared in his credit report. He alleges that neither Experian nor Equifax conducted a reasonable investigation based on his dispute. He alleges he has suffered emotional distress, loss of credit opportunities, and increased credit costs. He demands monetary damages, attorney fees and costs, and the deletion of the disputed items from each report.

### B. Analysis

Under Section 1681i of the Fair Credit Reporting Act (FCRA),

> if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such a dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

15 U.S.C.A. § 1681i(a)(1)(A).

Plaintiff has sufficiently alleged facts to support a claim under the FCRA.

**II.    Conclusion**

**IT IS ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF NO. 1) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Fair Credit Reporting Act claims will proceed against Defendants Equifax Information Services LLC and Experian Information Solutions Inc.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to issue summonses to Defendants: (1) Equifax Information Services LLC , LLC; and (2) Experian Information Solutions, LLC.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket.

**IT IS FURTHER ORDERED** that Plaintiff shall have **until July 31, 2025** to serve the Defendants. *See* Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED** that from this point forward, Plaintiff shall serve upon Defendants, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the Court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or counsel for Defendants. The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

DATED: May 1, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE